## ADDENDUM.

### In Re John Pope's Will.

Orleans County, August Term, 1862.

Reargued, General Term, November, 1863.

*Wills—Execution—Requisite Formalities—Witnesses.*

Where a testator signed his will in the presence of two witnesses, who thereupon duly attested and subscribed it in his presence and in the presence of each other, whereupon a third person was called in from without, to whom the testator and the two witnesses acknowledged their respective signatures, and who then subscribed his name as a witness in the presence of the testator and of the other two witnesses, the will was not, as the statute requires, "attested and subscribed by three or more credible witnesses in the presence of the testator and of each other."

Appeal from a decree of the probate court establishing an instrument as the last will and testament of John Pope. Trial by court at the June Term, 1862, Orleans County, *Poland*, J., presiding. Judgment affirming the decree of the probate court. The contestants excepted.

This is the case referred to in §17, page 748, of the first edition of Roberts' Vermont Digest, and in §34, column 2906, of the second edition. The case has never been reported, and, if any opinion was ever written therein, it is lost.

The will appoints Dyer Bill as the executor thereof, and is witnessed by Isaac N. Cushman, William Raymore, and James Kelly. The bill of exceptions is in the handwriting of Judge Poland, and recites that, "The appellants filed no written pleas, but objected that the said will was not duly executed so as to be a valid will. The case was tried by the court, and the following facts appeared: The will was written at the dwelling house of said Pope, who was then lying sick, by Hon. I. N. Cushman, and, after written, read to the testator, who pronounced it drawn according to his wish. The testator then signed the will, Cushman, Raymore, one of the witnesses, and Dr.

Bill, the executor, being present. Cushman and Raymore then witnessed the will. Judge Cushman intended to have Dr. Bill sign for the third witness, but it then occurred to him that, as he was the executor named in the will, he might not be a competent witness. Raymore was then sent to a neighbor's for Kelly, the other witness, who immediately came, and went into the room where the testator was with Cushman and Raymore. Cushman then read the concluding part of the will to Pope and shew him this signature upon it, and asked if it was his last will and testament. Pope replied that it was, and that he had signed it. Cushman then shew Kelly the place to sign his name as a witness, and told him that Raymore and himself had already signed as witnesses to the will. Kelly then signed his name. This was done in the bedroom where Pope was lying, and all done in the presence and hearing of him and of Raymore, who was also in the same room from the time Kelly came till he left. The appellants claimed that these facts did not show the said will to be properly executed. But the court held that the said paper was duly executed and entitled to probate. No other question was made in the case."

This case was heard at the August Term, 1862, of the Supreme Court for Orleans County. At the August Term, 1863, of that Court the case was entered "continued to the General Term for reargument." At the General Term in November, 1863, it was probably reargued, for the docket entry of that term is "with the Court." And at the August Term, 1864, of the Supreme Court for Orleans County the docket entry in the case is, "Judgment reversed, and judgment that the instrument in question is not the last will and testament of John Pope, and judgment ordered to be certified to the probate court."

*J. H. Prentiss* for the proponents.

*Daniel Roberts* and *C. J. Vail* for the contestants.